**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0629, <u>Appeal of Terry Clark</u>, the court on August 17, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The appellant, Terry Clark, appeals decisions of the New Hampshire Public Utilities Commission (commission) granting a petition of Liberty Utilities (EnergyNorth Natural Gas) Corporation (Liberty Utilities) for a declaratory ruling, <u>see</u> <u>N.H. Admin R.</u>, Puc 207, thereby establishing that Liberty Utilities has the right, under its existing franchise, to provide compressed natural gas and liquefied natural gas to its customers in Keene, and that Liberty Utilities was not required to seek a new franchise in a proceeding pursuant to RSA 374:22 and :26 (2009 & Supp. 2019). On appeal, the appellant argues that the commission's decisions are contrary to the public interest and RSA 378:37 (Supp. 2019) because of alleged environmental costs and safety issues attributable to natural gas production and consumption. The appellant further argues that the commission erred by not expressly addressing all of his arguments, by determining that Liberty Utilities' existing franchise encompasses the provision of natural gas, by not providing rights of discovery and cross-examination allegedly in violation of the commission's rules and due process, and by allegedly not holding Liberty Utilities to its burden of proof.

RSA chapter 541 governs our review of the commission's decisions. RSA 365:21 (Supp. 2019); <u>Appeal of Northern New England Tele. Operations, LLC</u>, 165 N.H. 267, 271 (2013). Under RSA 541:13 (2007), we will not set aside the commission's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. The commission's findings of fact are presumed <u>prima</u> <u>facie</u> lawful and reasonable. RSA 541:13. The party seeking to set an order of the commission aside bears the burden of demonstrating that the order is contrary to law or, by a clear preponderance of the evidence, unjust or unreasonable. <u>Northern New England Tele.</u>, 165 N.H. at 270.

In his challenge to the merits of the commission's decision, the appellant makes several policy arguments inapplicable to the narrow issue before the commission concerning the scope of Liberty Utilities' franchise. In his procedural challenges, the appellant takes issue with a process to which he did not meaningfully object. The appealing party has the burden on appeal of

demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).
Based upon our review of the commission's orders, the appellant's challenges
to them, the relevant law, and the record submitted on appeal, we conclude
that the appellant has not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2